**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JEREMY S.,**

                                    **Plaintiff,**                          **21-CV-1190Sr**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

                                    **Defendant.**

---

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #17.

Plaintiff applied for disability benefits on November 29, 2019, alleging disability beginning February 13, 2015. Dkt. #4, p.37. The ALJ rendered a decision that plaintiff was not disabled on February 3, 2021. Dkt. #4, pp.37-53. The Appeals Council denied review on September 1, 2021. Dkt. #4, p.6. Current counsel commenced representation of plaintiff on November 2, 2021(Dkt. #22-2), and filed an action in this Court seeking review of the Commissioner's final decision on November 3, 2021. Dkt. #1. On September 30, 2023, this Court issued a Decision and Order remanding the matter to the Commissioner for further proceedings. Dkt. #18. By Stipulation entered December 29, 2023, counsel was awarded $9,250.00 in fees pursuant to the Equal

Access to Justice Act ("EAJA").[1] Dkt. #20 & 21. On August 13, 2024, following a second administrative hearing, the ALJ  determined that plaintiff had been disabled since February 13, 2015. Dkt. #22-3. By letter dated August 11, 2025, the SSA advised plaintiff that his past-due benefits totaled $129,205.00 and that $32,301.25 had been withheld from this amount as a potential attorney fee. Dkt. #22-4.

Currently before the Court is plaintiff's counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1)(A) in the amount of $32,301.25. Dkt. #22. In support of the motion, counsel argues that she conducted a thorough review of the administrative record and specifically researched relevant statutory and case law to prepare a substantive memorandum of law and reply memorandum of law in support of the motion for judgment on the pleadings before this Court and also represented plaintiff at the second administrative hearing on August 5, 2024. Dkt. #22-1, pp.3, 10-11 & 15. Counsel agrees that the EAJA fee will be refunded to plaintiff upon receipt of fees pursuant to 42 U.S.C. § 406(b)(1)(A) and attached a signed fee agreement between plaintiff and Frederick Law Offices, PLLC, dated November 2, 2021, which provides, *inter alia*, that the attorney fee will be 25% of any past-due benefits. Dkt. #22-1, p.4 & #22-2. Counsel also attaches a time sheet of services rendered indicating 48.10 attorney hours expended on this matter. Dkt. #22-5.

---

[1] The EAJA provides that "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not substantially justified." 28 U.S.C. § 2412(d)(1)(A). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). EAJA fees are determined by the time expended and a capped hourly rate. *Id.* Fees may be awarded pursuant to both the EAJA and the Social Security Act, but counsel must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits. *Id.*

The Commissioner defers to the discretion of the Court as to the appropriateness of the fee award. Dkt. #24.

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

Pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, a claim for attorney's fees must be made by motion filed no later than fourteen days after the entry of judgment. *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). Because the filing of such a motion must await the Commissioner's award of benefits, however, the deadline is equitably tolled until counsel receives notice of the benefits award. *Id.* at 88. In practice, therefore, the fourteen day filing period starts to run when the plaintiff receives the calculation of benefits. *Id.* Counsel is presumed to have received the calculation of benefits three days after mailing. *Sinkler,* 932 F.3d at 88 n.5. In as much as the Notice of Award letter is dated August 11, 2025, the filing of this motion on August 26, 2025 is timely.

Even within the 25% statutory limitation for contingent-fee arrangements, the court is required to review the fee sought as an independent check to assure that it is reasonable for the services rendered in the particular case. *Gisbrecht*, 535 U.S. at

807. In making this assessment, the court considers: (1) the character of the representation and the results the representation achieved; (2) whether the attorney was responsible for delay that resulted in the accumulation of additional past-due benefits; and (3) whether the past-due benefits are so large in comparison to the amount of time counsel spent on the case that the requested fee would amount to a windfall to the attorney. *Id.* at 808. The Court of Appeals for the Second Circuit has also instructed district courts to consider whether there has been fraud or overreaching in making the fee agreement. *Wells v. Sullivan*, 907 F.2d 367, 372 (1990).

"A windfall is a fee of a size not commensurate with the service provided." *Avila v. Comm'r of Soc. Sec.*, 20-CV-1360, 2023 WL 6035648, at *3 (S.D.N.Y. Sept. 15, 2023). In considering whether the requested fee may be a windfall to the attorney, the court may request a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingent fee cases. *Gisbrecht,* 535 U.S. at 807. However, courts should recognize that "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Among the factors to be considered are: (1) the ability and expertise of the attorneys and whether they were particularly efficient; (2) the nature and professional relationship of the attorney with the plaintiff, including any representation at the agency level; (3) the satisfaction of the plaintiff; and (4) how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result. *Id.* at 854-855.

> A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern is really about.

*Id.* at 855.

In the instant case, the fee request is within the boundaries of the statute and there is no evidence of fraud or overreaching in the execution of the fee agreement. The Court recognizes that counsel is experienced in representation of individuals seeking disability benefits and provided able representation to plaintiff, including engaging in successful motion practice before this Court and representing plaintiff at an administrative hearing upon remand. There is no evidence that counsel was dilatory in the representation of plaintiff. Moreover, the request for $32,301.25 in fees following an expenditure of 48.10 hours equates to a *de facto* hourly rate of $671.54, which is in line with awards generally approved in this district for similar work performed. *See Rebecca L.B. v. Comm'r of Soc. Sec.,* 20-CV-425, 2025 WL 1318376, at *3 (W.D.N.Y. May 7, 2025) (collecting cases finding effective hourly rate between $697.20 and $1,182.07 to be reasonable); *Amy Sue H. v. Comm'r of Soc. Sec.*, 17-CV-713, 2021 WL 4519798, at *3 (W.D.N.Y. Oct. 4, 2021) (collecting cases finding effective hourly rates between $697 and $1,000 to be reasonable). Such an award appropriately compensates counsel for the time spent on this case, the risk accepted by counsel in undertaking representation on contingency, and the successful result obtained by plaintiff, who will continue to receive disability benefits into the future. *See Lewis v. Saul*, 16-CV-6411, 2020 WL 132281, at *2 (W.D.N.Y. Jan. 13, 2020) (recognizing value of future benefits and insurance coverage that are not reflected by the amount of past-due benefits).

-5-

**CONCLUSION**

For the reasons set forth above, counsel is awarded $32,301.25, with the stipulation that upon receipt of this award, counsel will refund to plaintiff $9,250.00 previously received pursuant to the EAJA.

**SO ORDERED.**

**DATED:**      **Buffalo, New York**
              **October 3, 2025**

                                    **s/ H. Kenneth Schroeder, Jr.**
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**

-6-