**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JEREMY S.,**

                    **Plaintiff,**                    **21-CV-1190Sr**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

                    **Defendant.**

---

### DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #17.

Plaintiff applied for disability benefits on November 29, 2019, alleging disability beginning February 13, 2015. Dkt. #4, p.37. The ALJ rendered a decision that plaintiff was not disabled on February 3, 2021. Dkt. #4, pp.37-53. The Appeals Council denied review on September 1, 2021. Dkt. #4, p.6. Current counsel commenced representation of plaintiff on November 2, 2021(Dkt. #22-2), and filed an action in this Court seeking review of the Commissioner's final decision on November 3, 2021. Dkt. #1. On September 30, 2023, this Court issued a Decision and Order remanding the matter to the Commissioner for further proceedings. Dkt. #18. By Stipulation entered December 29, 2023, counsel was awarded $9,250.00 in fees pursuant to the Equal

Access to Justice Act ("EAJA").[1] Dkt. #20 & 21. On August 13, 2024, following a second administrative hearing, the ALJ  determined that plaintiff had been disabled since February 13, 2015. Dkt. #22-3. By letter dated August 11, 2025, the SSA advised plaintiff that his past-due benefits totaled $129,205.00 and that $32,301.25 had been withheld from this amount as a potential attorney fee. Dkt. #22-4.

Plaintiff's counsel's filed a timely motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1)(A) in the amount of $32,301.25, which was granted by Order entered October 3, 2025. Dkt. ##22 & 25. Subsequently, plaintiff's counsel received three additional notices indicating that auxiliary benefits had been paid to plaintiff's children. Dkt. #26-4.

Currently before the Court is counsel's supplemental motion seeking an additional attorney fee of $16,144.75, which is 25% of the auxiliary benefits awarded to plaintiff's children following the determination that plaintiff was disabled. Dkt. #26. Counsel notes that this would result in a total award of $48.446.00, or an effective hourly rate of $1,007.19 based upon her investment of 48.10 hours on plaintiff's case. Dkt. #26-1, pp.5 & 13-14. Plaintiff's counsel attaches a signed fee agreement between plaintiff and Frederick Law Offices, PLLC, dated November 2, 2021, which provides,

---

[1] The EAJA provides that "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not substantially justified." 28 U.S.C. § 2412(d)(1)(A). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). EAJA fees are determined by the time expended and a capped hourly rate. *Id.* Fees may be awarded pursuant to both the EAJA and the Social Security Act, but counsel must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits. *Id.*

*inter alia*, that the attorney fee will be 25% of any past-due benefits. Dkt. #26-2.

Counsel also attaches a time sheet of services rendered indicating 48.10 attorney

hours expended on this matter. Dkt. #22-5. Although she has not yet received the prior

award, and has not, therefore, refunded her EAJA fee, counsel agrees that the EAJA

fee will be refunded to plaintiff upon receipt of the attorney fees pursuant to 42 U.S.C.

§ 406(b)(1)(A). Dkt. #26-1, p.5.

The Commissioner defers to the discretion of the Court as to the

appropriateness of the overall fee award. Dkt. #27.

The Social Security Act provides that "[w]henever a court renders a

judgment favorable to a claimant . . . who was represented before the court by an

attorney, the court may determine and allow as part of its judgment a reasonable fee for

such representation, not in excess of 25% of the total of the past-due benefits to which

the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Local

Rule 5.5(g) provides that if information should come to the attention of either party after

the entry of an order approving fees under 42 U.S.C. § 406(b) suggesting that the

information used to calculate the appropriate fee was incorrect or incomplete, a motion

may be brought seeking correction of the fee approved.

Pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, a

claim for attorney's fees must be made by motion filed no later than fourteen days after

the entry of judgment. *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). Because

the filing of such a motion must await the Commissioner's award of benefits, however, the deadline is equitably tolled until counsel receives notice of the benefits award. *Id.* at 88. In practice, therefore, the fourteen day filing period starts to run when the plaintiff receives the calculation of benefits. *Id.* Counsel is presumed to have received the calculation of benefits three days after mailing. *Sinkler,* 932 F.3d at 88 n.5. In as much as the additional Notice of Award letters are dated November 22, 2025, the filing of the supplemental motion on December 9, 2025 is timely.

Even within the 25% statutory limitation for contingent-fee arrangements, the court is required to review the fee sought as an independent check to assure that it is reasonable for the services rendered in the particular case. *Gisbrecht*, 535 U.S. at 807. In making this assessment, the court considers: (1) the character of the representation and the results the representation achieved; (2) whether the attorney was responsible for delay that resulted in the accumulation of additional past-due benefits; and (3) whether the past-due benefits are so large in comparison to the amount of time counsel spent on the case that the requested fee would amount to a windfall to the attorney. *Id.* at 808*.* The Court of Appeals for the Second Circuit has also instructed district courts to consider whether there has been fraud or overreaching in making the fee agreement. *Wells v. Sullivan*, 907 F.2d 367, 372 (1990).

"A windfall is a fee of a size not commensurate with the service provided." *Avila v. Comm'r of Soc. Sec.*, 20-CV-1360, 2023 WL 6035648, at *3 (S.D.N.Y. Sept. 15,

2023). In considering whether the requested fee may be a windfall to the attorney, the court may request a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingent fee cases. *Gisbrecht,* 535 U.S. at 807. However, courts should recognize that "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Among the factors to be considered are: (1) the ability and expertise of the attorneys and whether they were particularly efficient; (2) the nature and professional relationship of the attorney with the plaintiff, including any representation at the agency level; (3) the satisfaction of the plaintiff; and (4) how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result. *Id.* at 854-855.

> A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern is really about.

*Id.* at 855.

In the instant case, the overall fee request is within the boundaries of the statute and there is no evidence of fraud or overreaching in the execution of the fee agreement. The Court recognizes that counsel is experienced in representation of individuals seeking disability benefits and provided able representation to plaintiff, including engaging in successful motion practice before this Court and representing plaintiff at an administrative hearing upon remand. There is no evidence that counsel was dilatory in the representation of plaintiff. Moreover, the request for $48,446.00 in fees following an expenditure of 48.10 hours equates to a *de facto* hourly rate of

$1,007.19, which is in line with awards generally approved in this district for similar work performed. *See Nancy S. v. Comm'r of Soc. Sec.,* 23-CV-1295, 2026 WL 1026829, at *3 (W.D.N.Y. April 16, 2026) (approving effective hourly rate of $1,271.71 and overall award of $42,348.00); *Sara B. v. Comm'r of Soc. Sec.,* 22-CV-258, 2025 WL 1874624, at *3 (W.D.N.Y. July 8, 2025) (approving effective hourly rate of $1,168.46); *Rebecca L.B. v. Comm'r of Soc. Sec.,* 20-CV-425, 2025 WL 1318376, at *3 (W.D.N.Y. May 7, 2025) (collecting cases finding effective hourly rate between $697.20 and $1,182.07 to be reasonable). Such an award appropriately compensates counsel for the time spent on this case, the risk accepted by counsel in undertaking representation on contingency, and the successful result obtained by plaintiff, who will continue to receive disability benefits into the future. *See Lewis v. Saul*, 16-CV-6411, 2020 WL 132281, at *2 (W.D.N.Y. Jan. 13, 2020) (recognizing value of future benefits and insurance coverage that are not reflected by the amount of past- due benefits).

## CONCLUSION

For the reasons set forth above, counsel is awarded $16,144.75 in addition to the prior award of $32,301.25, with the stipulation that upon receipt of the award, counsel will refund to plaintiff $9,250.00 previously received pursuant to the EAJA.

**SO ORDERED.**

**DATED:     Buffalo, New York**
**             April 27, 2026**

                          **s/ H. Kenneth Schroeder, Jr.**
                          **H. KENNETH SCHROEDER, JR.**
                          **United States Magistrate Judge**

-6-